UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY WHITE, | ) | Case No. 1:10 CV 1265 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| FRANK SHEWALTER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This case is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Jimmy White ("§ 2254 Petition"). (**Doc #: 1**.) White was indicted in state court of ten counts of felonious assault, two counts of improperly discharging a firearm at or into a habitation, and two counts of having a weapon under a disability – all counts containing one- and three-year firearm specifications. White chose to have the disability counts tried to the court, while submitting the remaining counts to the jury. The jury returned not guilty verdicts on all counts submitted to it, and the court found White guilty of the two disability counts and attendant firearms specifications. The court sentenced White to two years in prison on the first disability count with one and three years on the firearms specifications, and five years on the second disability count with one and three years on the firearms specifications, to be served consecutively. The firearms specifications were merged and, as a consequence, White was sentenced to an aggregate prison term of ten years. His convictions and sentence were affirmed on appeal.

White challenges the constitutionality of his convictions on two grounds (Grounds One and Two), and the constitutionality of his sentence on one ground (Ground Three). The Magistrate Judge has issued a Report and Recommendation ("R&R") concluding that White procedurally defaulted Grounds One and Two and that Ground Three lacks merit, and recommends that the Court conclude the same. (**Doc #: 9**.)

White has filed Objections. (**Doc #: 11**.) Because White did not object to the Magistrate Judge's recommended ruling on Ground Three, the Court need not review it. *Craddock v. Shewalter*, No. 1:09 CV 2860, 2012 WL 2285171 (N.D. Ohio Jun. 18, 2012) (28 U.S.C. § 636(b)(1)(C) requires a district court to conduct a *de novo* review of only those portions of an R&R to which the parties have made an objection). Thus, the Court need only review the objections to the Magistrate Judge's recommended rulings on Grounds One and Two.

Both grounds revolve around the fact that the trial judge failed to render her verdict on the severed disability counts until after she dismissed the jury. When she did render her guilty verdicts, White's counsel objected, arguing that her verdicts were inconsistent with the jury verdicts. The trial judge pointed out that her verdicts were not inconsistent with the jury verdicts based on a conversation she had with the jury foreman following its deliberations and dismissal. In Ground One, White asserts that his Sixth and Fourteenth Amendment rights were violated when "the judge consulted the jury about its resolution of the case while she was deliberating on the counts tried exclusively to her." (Doc #: 11, at 3.) In Ground Two, White asserts that appellate counsel was ineffective for failing to raise this issue on direct appeal.

The record shows, and White concedes, that Ground One is procedurally defaulted. Thus, the Court concludes that White procedurally defaulted Ground One. White argues,

however, that appellate counsel's failure to raise this issue on direct appeal is the cause that should excuse his procedural default. The Court disagrees.

The record shows that, while White properly raised Ground Two (i.e., the ineffective appellate counsel issue) in a Rule 26(B) Murnahan application, he failed to raise this issue when appealing that court's ruling denying his application to the Ohio Supreme Court. Instead, White raised Ground One.

The Magistrate Judge recommends that the Court find that White procedurally defaulted his ineffectiveness claim. White objects to this recommendation, arguing that simply appealing the denial of his Rule 26(B) motion to the Ohio Supreme Court necessarily raises his ineffective assistance of counsel claim. In support, he cites *Coleman v. Mitchell*, 244 F.3d 533 (6th Cir. 2001). *Coleman* does not stand for this proposition and is factually distinguishable. Nor can White show prejudice resulting therefrom or a fundamental miscarriage of justice since the appeals court rejected, on direct appeal, White's claim that insufficient evidence supported his disability convictions, those convictions were against the manifest weight of the evidence, and his acquittal on the assault charges was inconsistent with his convictions on the disability counts. *See State v. White*, 2008-Ohio-6152, 2008 WL 5049957 at ¶¶ 8-15 (Ohio App. 8 Dist. Nov. 26, 2008). Even if this Court did not find that White procedurally defaulted this claim, it would deny this claim on the merits since the Court cannot find that the Murnahan court unreasonably applied *Strickland* when that court refused to second-guess appellate counsel's "reasonable professional judgment" to use the judge's remarks as the centerpiece for the "sufficiency of the evidence" or "manifest weight" arguments on direct appeal. *State v. White*, 2009-Ohio-4034, 2009 WL 2462645 at ¶¶ 11-15 (Ohio App. 8 Dist. Aug. 10, 2009).

Accordingly, the Court **OVERRULES** the Objections (**Doc #: 11**), **ADOPTS** the R&R in full (**Doc #: 9**), and **DENIES** the § 2254 Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

*/s/ Dan A. Polster    July 9, 2012*
**Dan Aaron Polster**
**United States District Judge**